UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL BERGER, directly and derivatively on behalf of INCOME OPPORTUNITY REALTY INVESTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSCONTINENTAL REALTY INVESTORS, INC., AMERICAN REALTY INVESTORS, INC., PILLAR INCOME ASSET MANAGEMENT, INC., DANIEL J. MOOS, GENE S. BERTCHER, LOUIS J. CORNA, TED R. MUNSELLE, HENRY A. BUTLER, ROBERT A JAKUSZEWSKI, RAYMOND D. ROBERTS, SR, GENE E. PHILLIPS, and MICKEY N. PHILLIPS, <br><br> Defendants, <br><br> and <br><br> INCOME OPPORTUNITY REALTY INVESTORS, INC., <br><br> Nominal Defendant. | Case No. 3:19-cv-00286-K <br><br> Hon. Ed Kinkeade |

**NOMINAL DEFENDANT'S MOTION TO DISMISS SHAREHOLDER'S COMPLAINT**

Nominal Defendant Income Opportunity Realty Investors, Inc., a Nevada corporation, moves to dismiss Plaintiff's Shareholder's Verified Derivative and Class Action Complaint (Dkt. No. 1) for failure to satisfy the "demand" on the corporation's Board requirement and respectfully shows as follows:

**NOMINAL DEFENDANT'S MOTION TO DISMISS SHAREHOLDER'S COMPLAINT - Page 1**

I

**Preliminary Statement**

This is purportedly a shareholder derivative action, brought by a putative shareholder of Income Opportunity Realty Investors, Inc. ("**IOR**"), purportedly on IOR's behalf. However, IOR is a Nevada corporation, and Nevada limits the situations in which a shareholder may bring litigation on a corporation's behalf. Specifically, before filing a derivative action, a shareholder must first make a "demand" on the corporation's Board to initiate the litigation itself. If the shareholder does not make such a demand, he must plead with particularity facts, demonstrating that the demand requirement is excused.

Plaintiff here, claiming to be a shareholder of IOR, has not satisfied this requirement as to at least Count Eight of his complaint. That claim concerns three separate real estate properties IOR sold in 2010. However, Plaintiff alleges no facts that demonstrate Nevada's demand requirement is excused as to those transactions. As a result, Count Eight should be dismissed pursuant to Federal Rule of Civil Procedure 23.1 for failure to satisfy Nevada's demand requirement.

II

**Background**

Plaintiff alleges that IOR reported three real estate sales in 2010 (Compl. ¶ 34). First, IOR sold its investment in TCI Eton Square to TX Highland RS Corp. for $1,370,000. (Id.) IOR received the compensation in the form of a note with a three-year maturity. (Id.) Second, IOR sold its investment in Transcontinental Brewery, Inc. to Warren Road Farm, Inc. for $3,800,000. (Id.) Of that purchase price, IOR received $1,400,000 in the form of a five-year note and $2,400,000 through the purchaser's assumption of IOR's mortgage in that amount. (Id.) Finally, IOR sold Three Hickory to Fenton Real Estate, Inc. for $1,200,000. (Id.) IOR received the compensation in the form of a five-year note. (Id.)

IOR's SEC filings disclosed that all three sales were to parties which required that gain or loss recognition required deferral, as no significant cash down payment was made at closing, even though a conveyance of the property occurred (Compl. ¶ 34). However, Plaintiff does not allege what the

relationship was between IOR and each respective purchaser. Plaintiff does not allege any IOR director had any role with any of the purchasers of any of the properties.

Plaintiff alleges that IOR's SEC filings did not disclose any mention of payment on any of the three notes when they came due (Compl. ¶ 35). However, Plaintiff does not allege anything about any decision by IOR's Board not to collect the notes. Plaintiff does not allege IOR's Board had any role in any such decision at all.

### III

### Argument

"Ordinarily, under Nevada's corporations laws, a corporation's board of directors has full control over the affairs of the corporation." *Shoen v. SAC Hldg. Corp.*, 137 P.3d 1171, 1178 (Nev. 2006). "In managing the corporation's affairs, the board of directors may generally decide whether to take legal action on the corporation's behalf." *Id.* at 1179. A shareholder derivative action is an exception to that rule. Such suits "allow shareholders to compel the corporation to sue and to thereby pursue litigation on the corporation's behalf against the corporation's board of directors and officers, in addition to third parties." Id. However, "a shareholder must, before filing suit, make a demand on the board or, if necessary, on the other shareholders to obtain the action that the shareholder desires." Id.

For many years, Nevada excused the demand requirement in situations where, as here, the board itself was alleged to have participated in wrongdoing. However, in 2006, the Nevada Supreme Court revised the rule. It held that the prior rule "suggests that the demand perquisite could be excused with a mere allegation of participation." *Shoen*, 137 P.3d at 1180. "Such a broad reading," the Court held, "could subject the board to immediate litigation, and thereby eviscerate the purpose behind the demand requirement and the business judgment rule." Id. Thus, the Court overruled prior precedent, holding that "the demand requirement is excused as to the board of directors merely because the shareholder derivative complaint alleges that a majority of the directors participated in the wrongful acts." *Id.* at 1180-81.

In its place, Nevada adopted Delaware's *Aronson* test for when the demand requirement is excused. That test provides that "a plaintiff challenging a business decision and asserting demand futility must sufficiently show that either the board is incapable of invoking the business judgment rule's protections (*e.g.*, because the directors are financially or otherwise interested in the challenged transaction) or, if the board is incapable of invoking the business judgment rule's protections, that the rule is not likely to, in fact, protect the decision (*i.e.*, because there exists a possibility of overcoming the business judgment rule's presumptions that the requisite due care was taken when the business decision was made)." *Id.* at 1181.

Here, Plaintiff does not allege with particularity facts showing that IOR's board of directors could not consider a demand regarding the 2010 real estate sales for either reason. First, Plaintiff does not allege the board was financially or otherwise interested in the challenged transactions. Plaintiff does not allege that any of the directors served on the boards of the companies that purchased IOR's properties or that they had some interest in the transactions other than as IOR directors. Second, Plaintiff does not allege that the board did not take due care in approving the transactions. Indeed, Plaintiff does not allege anything at all about the board's approval of these transactions. Rather, Plaintiff alleges only that the sales occurred and that IOR's SEC filings did not mention receiving payment on the notes IOR received as consideration for the sales (Compl. ¶ 35).

As a result, Plaintiff has not alleged with particularity facts that establish Nevada's demand requirement is excused as to IOR's 2010 real estate sales. Accordingly, his "failure to sufficiently plead compliance with the demand requirement deprives [him] of standing and justifies dismissal of the complaint for failure to state a claim upon which relief may be granted." *Shoen*, 137 P.3d at 1180 (internal footnote omitted).

IV

CONCLUSION

Plaintiff's Complaint is devoid of allegations about the reasons for the failure of Plaintiff to make demand upon the board of directors of IOR, and, therefore, the Court should grant IOR's dismissal motion and grant IOR all other and further relief to which it is justly entitled.

Dated: May 31, 2019

                                               Respectfully submitted,

*/s/ Steven C. Metzger*
Steven C. Metzger
Texas State Bar No. 13982500
METZGER & MCDONALD PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219-5133
Telephone: (214) 740-5030
Facsimile:  (214) 224-7555
Email: smetzger@pmklaw.com

ATTORNEY FOR NOMINAL DEFENDANT,
INCOME OPPORTUNITY REALTY
INVESTORS, INC.

CERTIFICATE OF SERVICE

I hereby certify that, on May 31, 2019, a true and correct copy of the foregoing document has been served upon all counsel of record through the Court's ECF system.

*/s/ Steven C. Metzger*
Steven C. Metzger