UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL BERGER, directly and derivatively on behalf of INCOME OPPORTUNITY REALTY INVESTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSCONTINENTAL REALTY INVESTORS, INC., AMERICAN REALTY INVESTORS, INC., PILLAR INCOME ASSET MANAGEMENT, INC., DANIEL J. MOOS, GENE S. BERTCHER, LOUIS J. CORNA, TED R. MUNSELLE, HENRY A. BUTLER, ROBERT A. JAKUSZEWSKI, RAYMOND D. ROBERTS, SR., GENE E. PHILLIPS, and MICKEY N. PHILLIPS <br><br> Defendants, <br><br> -and- <br><br> INCOME OPPORTUNITY REALTY INVESTORS, INC., <br><br> Nominal Defendant. | Case No. 3:19-cv-00286-K |

## DEFENDANTS GENE E. PHILLIPS AND MICKEY N. PHILLIPS' MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF

Gene E. Phillips and Mickey N. Phillips file this Motion to Dismiss "*Shareholder's Verified Derivative and Class Action Complaint*" [Doc. 1], pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), along with their Brief in Support Thereof. In an effort to avoid unnecessarily repetitive and overlapping briefing, Gene Phillips and Mickey Phillips join, adopt and incorporate the Memorandum in Support of Motion to Dismiss filed by the Defendants (not including Gene Phillips and Mickey Phillips) (the "Joint Motion") [Doc. 29].

# TABLE OF CONTENTS

Page

Table of Contents ........................................................................................................................... 2

Index of Authorities ....................................................................................................................... 3

I. Introduction and Summary of the Argument ..................................................................... 6

II. Argument & Authorities ..................................................................................................... 6

    A. This Court has no Personal Jurisdiction Over Mickey Phillips .............................. 6

        1. Mickey Phillips is not Subject to General Personal Jurisdiction in Texas ............................................................................................................. 8

        2. Mickey Phillips is not Subject to Specific Personal Jurisdiction in Texas ........................................................................................................... 10

    B. The Claims Against Gene Phillips and Mickey Phillips Were Inadequately Pled ......................................................................................................................... 11

        1. The Claims Against Mickey Phillips Were Inadequately Pled, and Should be Dismissed ................................................................................. 12

        2. The Claims Against Gene Phillips Were Inadequately Pled, and Should be Dismissed ................................................................................. 13

III. Conclusion and Prayer ...................................................................................................... 16

Certificate of Service .................................................................................................................... 17

### INDEX OF AUTHORITIES

Cases                                                                                                           Page

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ................................................................................................12

*Burger King Corp. v. Rudzewicz*
    471 U.S. 462 (1985) ......................................................................................... 7-8, 10

*Carroll v. Fort James Corp.*
    470 F.3d 1171 (5th Cir. 2006) .................................................................11, 13, 16

*Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*
    615 F.3d 364 (5th Cir. 2010) ...................................................................................8

*Del Castillo v. PMI Holdings N. Am. Inc.*
    No. 4:14-CV-03435, 2016 WL 3745953 (S.D. Tex. July 13, 2016) ...................7

*Dommert v. Raymond James Fin. Servs.*
    2007 WL 1018234 (E.D. Tex. Mar. 29, 2007) ....................................................11

*Exportadora Atlantico, S.A. v. Fresh Quest, Inc.*
    2017 WL 7792710 (S.D. Fla. Feb. 21, 2017) .....................................................13

*Fields v. Texas Dep't of State Health Servs.*
    2017 WL 9285509 (E.D. Tex. Aug. 21, 2017) ...................................................16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
    564 U.S. 915 (2011) ..........................................................................................8, 10

*Hanson v. Denckla*
    357 U.S. 235 (1958) ..................................................................................................7

*Helicopteros Nacionales de Columbia, S.A. v. Hall*
    466 U.S. 408 (1984) ................................................................................................10

*Hidden Values, Inc. v. Wade*
    No. 3:11-CV-1917, 2012 WL 1836087 (N.D. Tex. May 18, 2012) .................12

*In re: DePuy Orthopaedics, Inc.*
    No. 3:11-MD-2244-K, 2016 WL 6271465 (N.D. Tex. Jan. 5, 2016) ...............11

*In re Parkcentral Glob. Litig.*
    884 F. Supp. 2d 464 (N.D. Tex. 2012) ................................................................12

*Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*
  995 F. Supp. 2d 587 (N.D. Tex. 2014) .......................................................................... 7-8

*International Shoe Co. v. Washington*
  326 U.S. 310 (1945)...............................................................................................................7

*J. McIntryre Mach., Ltd. v. Nicastro*
  564 U.S. 873 (2011)........................................................................................................... 7-8

*Johnston v. Matilda Sys. Int'l Corp.*
  523 F.3d 602 (5th Cir. 2008) ............................................................................................ 6-9

*Kidwai v. St. Matthew's Univ. Sch. of Med.*
  No. H-12-455, 2012 WL 2403516 (S.D. Tex. June 22, 2012)...........................................10

*Leonard v. USA Petroleum Corp.*
  829 F. Supp. 882 (S.D. Tex. 1993) .......................................................................................8

*Michiana Easy Livin' Country, Inc. v. Holten*
  168 S.W.3d 777 (Tex. 2008)..................................................................................................8

*Mink v. AAAA Dev. LLC*
  190 F.3d 333 (5th Cir. 1999) ................................................................................................7

*Moncrief Oil Int'l Inc. v. OAO Gazprom*
  481 F.3d 309 (5th Cir. 2007) ................................................................................................9

*Musket Corp. v. Suncor Energy*
  759 Fed. Appx. 280 (5th Cir. 2019)....................................................................................11

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*
  253 F.3d 865 (5th Cir. 2001) (per curiam)...........................................................................7

*Prather v. CitiMortgage*
  No. 4:18-CV-686, 2019 WL 131853 (N.D. Tex. Jan. 8, 2019) .........................................11

*Ragan & Massey, Inc. v. Voluntary Purchasing Groups, Inc.*
  No. 4:09-CV-00039, 2009 WL 3157468 (E.D. Tex. Sept. 28, 2009)................................10

*Seiferth v. Helicopteros Atuneros, Inc.*
  472 F.3d 266 (5th Cir. 2006) ..............................................................................................10

*Shaffer v. Heitner*
  433 U.S. 186 (1977)...............................................................................................................9

*Stuart v. Spademan*
    772 F.2d 1185 (5th Cir. 1985) ..............................................................................7

*Submersible Sys., Inc. v. Perforadora Cent., S.A.*
    249 F.3d 413 (5th Cir. 2001) ................................................................................8

*Vess v. Ciba-Geigy Corp.*
    317 F.3d 1097 (9th Cir. 2003) ............................................................................11

*World-Wide Volkswagen Corp. v. Woodson*
    444 U.S. 286 (1980)..............................................................................................7

**Statutes, Rules and Other**

5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) .............12

Fed. R. Civ. P. 5(b)(2) ......................................................................................................17

Fed. R. Civ. P. 8(a) ....................................................................................................12, 15

Fed. R. Civ. P. 9(b) ............................................................................................... 11-13, 15

Fed. R. Civ. P. 12(b)(2) ...............................................................................................1, 6

Fed. R. Civ. P. 12(b)(6) ....................................................................................................1

I.     **Introduction and Summary of the Argument**

As set forth in the Joint Motion's "Preliminary Statement," this case involves a number of causes of action alleged by a purported shareholder of Income Opportunity Realty Investors, Inc. ("IOR") [Doc. 29 at 1]. This Motion specifically addresses: (1) the lack of this Court's personal jurisdiction over Mickey N. Phillips; and (2) Plaintiff's failure to state any claim against Gene Phillips and Mickey Phillips; specifically, the claims set forth in Count Five (tortious interference with contract), Count Twelve (civil conspiracy), and Count 16 (civil conspiracy).

II.    **ARGUMENT & AUTHORITIES**

A. **This Court has no Personal Jurisdiction Over Mickey Phillips.**

The entire basis for asserting that this Court has personal jurisdiction over Mickey Phillips are the conclusory assertions that he is a citizen of the State of Texas, and that he is a director of Pillar Income Asset Management, Inc. ("Pillar") [Doc. 1 ¶ 22]. Plaintiff's allegations, especially when coupled with actual facts, are insufficient to establish personal jurisdiction over Mickey Phillips.

At the threshold, Plaintiff's allegation that Mickey Phillips is a citizen of Texas is incorrect. Mickey Phillips is a resident and citizen of the State of South Carolina and has been so for his entire life (save for five years when he lived in Oklahoma) [Appendix, p. 001 ¶ 2 (Declaration of Mickey N. Phillips)]. Mickey Phillips has never been a resident or citizen of the State of Texas [*Id.*].

When a non-resident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing this Court's jurisdiction over the non-resident defendant. *Johnston v. Matilda Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). In deciding a Rule 12(b)(2) motion, this Court may look outside of the pleadings and consider

"affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-03435, 2016 WL 3745953, at *2 (S.D. Tex. July 13, 2016). Although this Court must accept jurisdictional allegations in the complaint as true, this Court need not credit conclusory allegations, even if uncontroverted. *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 615 (N.D. Tex. 2014) (*citing Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868–69 (5th Cir. 2001) (per curiam)).

A federal court may only exercise personal jurisdiction over a nonresident defendants like Mickey Phillips if: (1) the state's long-arm statute confers personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction is consistent with due process. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis for courts in the Fifth Circuit. *Johnston*, 523 F.3d at 609.

In order to satisfy the due process inquiry, Plaintiff must demonstrate that Mickey Phillips had "minimum contacts" with Texas and that the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980) (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Innova Hosp. San Antonio, L.P.*, 995 F.Supp.2d at 615. "As a general rule, the exercise of judicial power is not lawful unless the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *J. McIntryre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 876 (2011) (*quoting Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *Burger King Corp. v. Rudzewicz*, 471

U.S. 462, 475 (1985).  The touchstone of judicial due process is purposeful availment.  *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784 (Tex. 2008).  The question is whether defendant's activities manifested an intent to submit to the power of the forum state.  *See Nicastro*, 564 U.S. at 882.

At its essence, "[m]inimum contact requires that a foreign defendant have at least enough contact with Texas to satisfy the minimum standards of due process. . . .  Due process demands that a nonresident have fair warning that the nature and extent of its contacts with the state may reasonably oblige it to submit to that state's judicial power. If [Defendant] did not direct its activities toward Texas, it cannot have had fair warning that [Plaintiff] might successfully invoke a Texas court's power over it." *Leonard v. USA Petroleum Corp.*, 829 F. Supp. 882, 889 (S.D. Tex. 1993) (*citing Burger King Corp.*, 471 U.S. at 472).

### 1. Mickey Phillips is not Subject to <u>General</u> Personal Jurisdiction in Texas.

The Complaint is completely devoid of any facts demonstrating that Mickey Phillips has any purposeful contacts with Texas, much less any contacts that amount to substantial contacts that are continuous and systematic.  The exercise of personal jurisdiction requires, as a threshold matter, that the claimant establish one of two types of minimum contacts.  *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010).  General personal jurisdiction requires that the defendant's contacts with the forum state be so "substantial, continuous, and systematic," *Johnston*, 523 F.3d at 609, so as to render the defendant "'essentially at home'" in the forum state.  *Innova Hosp.,* 995 F.Supp.2d at 615 (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609 (*quoting Submersible Sys., Inc. v.*

*Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)). "Random, fortuitous, or attenuated contacts are not sufficient." *Johnston*, 523 F.3d at 610 (*quoting Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007)). Further, vague and over-generalized assertions that give no indication as to the extent, duration, or frequency of contacts are inadequate to support general personal jurisdiction. *Johnston*, 523 F.3d at 610.

Even a cursory review of the Complaint shows that Mickey Phillips cannot be said to have "substantial contacts" with Texas so as to render his contacts continuous and systematic. The sole alleged contact that Mickey Phillips has with Texas (other than the erroneous assertion that he is a citizen thereof), is that he serves on the Board of Directors for Pillar [Doc. 1 ¶ 22]. The Supreme Court of the United States has held that a defendant's status as a board member, alone, is insufficient to establish personal jurisdiction. *Shaffer v. Heitner*, 433 U.S. 186, 215-216 (1977) ("Defendants' status as CPI directors and officers, alone, is not sufficient to establish personal jurisdiction."). Hence, there must be something more than mere membership on a Board of Directors to establish personal jurisdiction over Mickey Phillips. Here, there is nothing else. There simply are no allegations at all of any kind of continuous and systematic contacts to support the exercise of general personal jurisdiction.

To the contrary, Mickey Phillips has never been a resident or citizen of Texas [Appendix, p. 001 ¶ 2]. Although he was a director of Pillar in the past, during that period of time, he never physically traveled to Texas to attend a meeting of the board of directors, and his only board meeting attendance was by telephone while he was physically in South Carolina [Appendix, p. 002 ¶¶ 4-6]. While serving as a director of Pillar, Mickey Phillips never offered any ancillary services to Pillar or any other Texas company [Appendix, p. 002 ¶ 7]. The *de minimus* contacts that Mickey Phillips does have with Texas are not so "continuous, and systematic," so as to

render the defendant "'essentially at home'" in Texas. *Goodyear Dunlop Tires*, 564 U.S. at 919. Therefore, Plaintiff cannot establish general personal jurisdiction over Mickey Phillips.

### 2. Mickey Phillips is not Subject to <u>Specific</u> Personal Jurisdiction in Texas.

Mickey Phillips is also not subject to specific personal jurisdiction in Texas. For specific personal jurisdiction to exist, Mickey Phillips must have "purposefully availed" himself of the benefits and protections of Texas, and the litigation arise out of or relate to the defendant's specific contacts with the forum. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 & n. 8 (1984); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006). The "purposeful availment" element ensures that a defendant will not be haled into court in a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or the unilateral activity of another person or third party. *Burger King Corp.*, 471 U.S. at 475; *Choice Healthcare, Inc.*, 615 F.3d at 369; *Kidwai v. St. Matthew's Univ. Sch. of Med.*, No. H-12-455, 2012 WL 2403516, *1 (S.D. Tex. June 22, 2012).

First, there are no allegations whatsoever that any of the claims against Mickey Phillips arose out of or were related to his telephone-call board meetings for Pillar (during the time that he was on the Pillar board). That, in and of itself, defeats personal jurisdiction. *See Ragan & Massey, Inc. v. Voluntary Purchasing Groups, Inc.*, No. 4:09-CV-00039, 2009 WL 3157468, at *6 (E.D. Tex. Sept. 28, 2009). There is also a complete lack of any allegations showing any contact between Mickey Phillips and Texas, save for the fact that he served on the Pillar board at some time in the past.

There are no allegations sufficient to demonstrate personal jurisdiction over Mickey Phillips in Texas – either generally or specifically. Hence, the claims against Mickey Phillips should be dismissed.

**B. The Claims Against Gene Phillips and Mickey Phillips Were Inadequately Pled.**

As set forth in the Joint Motion, Plaintiff's allegations against Gene Phillips and Mickey Phillips are premised on an alleged scheme that sounds in fraud, which requires that his allegations meet the heightened pleading requirements of Rule 9(b) [Doc. 29 at 2, 11-13]. When a plaintiff "alleges in the complaint that the defendant has engaged in fraudulent conduct," and then relies "on that course of conduct as the basis of a claim," the claim "is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). In other words, "Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Prather v. CitiMortgage*, No. 4:18-CV-668, 2019 WL 131853, *2 (N.D. Tex. Jan. 8, 2019). *See In re: DePuy Orthopaedics, Inc.*, No. 3:11-MD-2244-K, 2016 WL 6271465, at *6 (N.D. Tex. Jan. 5, 2016) ("The Rule 9(b) standard applies when the predicate acts of a claim sound in fraud."); *Dommert v. Raymond James Fin. Servs.*, 2007 WL 1018234, *12 (E.D. Tex. Mar. 29, 2007) ("When a claim for breach of fiduciary duty or breach of contract is essentially a claim sounding in fraud, the particularity requirements of Rule 9(b) apply.").

Hence, Plaintiff's theories of liability rest on allegations that "sound in fraud." As such, the claims of tortious interference and civil conspiracy must meet the requirements of Rule 9(b), and plaintiff was required to "state *with particularity* the circumstances constituting fraud or mistake."

This requirement means the plaintiff must plead specific facts illustrating "the 'who, what, when, where, and how' of the alleged fraud." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006); *Musket Corp. v. Suncor Energy*, 759 Fed. Appx. 280, 289 (5th Cir. 2019)

(same).  Each of these elements is analyzed separately, and a complaint that fails to allege facts showing any one of them must be dismissed.  *E.g.*, *Hidden Values, Inc. v. Wade*, No. 3:11-CV-1917, 2012 WL 1836087, *4 (N.D. Tex. May 18, 2012) (dismissing claims for failure to plead the "who," "when" and "where," notwithstanding that the plaintiff had adequately pled the "what" and "how").  In addition, the "Rule 9(b) requirements must be met *as to each defendant.*" *In re Parkcentral Glob. Litig.*, 884 F. Supp. 2d 464, 470-71 (N.D. Tex. 2012) (emphasis added).

Even under the lower Rule 8(a) standards "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (*citing* 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  Plaintiff's allegations here fail to meet the requirements of Rule 9(b) (or even Rule 8(a)), and as such, the claims against Gene Phillips and Mickey Phillips should be dismissed.

### 1. *The Claims Against Mickey Phillips Were Inadequately Pled, and Should be Dismissed.*

The complaint includes almost no factual allegations as to Mickey Phillips; rather, virtually every statement as to Mickey Phillips is conclusory at best.  The factual allegations actually made are that Mickey Phillips: (1) is a director of Pillar [Doc. 1 ¶¶ 20, 22]; (2) is a citizen of the State of Texas (which he is not, as noted above) [Doc. 1 ¶ 22]; and (3) is the brother of Gene Phillips [Doc. 1 ¶ 22].

The remaining allegations as to Mickey Phillips are entirely conclusory:

(1)  An assertion that Mickey Phillips "approved, directed, and carried out the looting of IOR's cash assets and their illicit transfer to TCI" [Doc. 1 ¶ 22];

(2)  An assertion that Mickey Phillips "controlled" Pillar Income Asset Management, Inc. ("Pillar") [Doc 1 ¶ 123]; and

    (3)    An assertion that Mickey Phillips "orchestrated the actual transfer [of various assets] through the sham vehicle of the investment advisor, Pillar" [Doc. 1 ¶¶ 155, 172].

The complaint does not allege that Mickey Phillips caused Pillar to do anything, or otherwise participated in or influenced any of the transactions that allegedly injured IOR—and clearly does not allege any action by Mickey Phillips that, if true, gives rise to legal liability for him personally. These allegations are conclusory at best (and are mere conjecture or speculation).

As a result, Plaintiff's assertions that Mickey Phillips "conspired" with the other defendants and tortiously interfered with IOR's contracts should be dismissed – even under the Rule 8 standard. *See Exportadora Atlantico, S.A. v. Fresh Quest, Inc.*, 2017 WL 7792710, *7-8 (S.D. Fla. Feb. 21, 2017) (dismissing a tortious interference claim under Rule 8 where the plaintiff failed to allege a "single fact as to what actions the 'Principals' actually took to interfere with the marketing agreement"). The allegations certainly do not allege any "who, what, when, where" or "how" of the alleged claims against Mickey Phillips, as required by Rule 9(b). *See Carroll*, 470 F.3d at 1174. Hence, all of the claims against Mickey Phillips should be dismissed.

### 2. The Claims Against Gene Phillips Were Inadequately Pled, and Should be Dismissed.

Plaintiff alleges that Gene Phillips is a "Texas real estate investor" [Doc. 1 ¶ 2]. Plaintiff does not allege that Gene Phillips is an officer or director of any of the companies involved in this lawsuit. Plaintiff repeatedly asserts that Gene Phillips "secretly controls" various entities (including IOR and Transcontinental), "through Defendant Pillar Income Asset Management, Inc." [Doc. 1 ¶ 2], without providing any allegations as to when and how such "secret control" came about or was exercised. Plaintiff does not allege Gene Phillips is an officer or director of IOR, nor does he allege that he owns, directly or indirectly, any stake in IOR. Equally

importantly, Plaintiff fails to allege a single action taken by Gene Phillips regarding IOR; he does not allege any IOR transaction that Gene Phillips conceived, approved, caused to happen, or even influenced.  He does not allege any involvement by Gene Phillips in IOR whatsoever.

The "allegations" that Plaintiff does make as to Gene Phillips read as a pure character assassination attempt, since they have no connection to the supposed wrongs against IOR.  For example, Plaintiff makes several statements with regard to *In re: American Realty Trust, Inc.*, No. 13-30891-HDH (Bankr. N.D. Tex.)) [Doc. 1 ¶¶ 7-8, 21 & Doc. 1-2 at 000001-000018] (the "*ART*" case).  However, that case concerned a corporation called American Realty Trust, Inc. ("ART").  ART is not a defendant in this case and is not alleged to have any connection to any of Plaintiff's allegations regarding IOR; nor was IOR a party in the *ART* case.  Rather, Plaintiff asserts that the ART court found "badges of fraud" regarding ART, apparently hoping this Court will conclude that a finding of badges of fraud regarding entity will be sufficient to allege fraud regarding a completely different entity.  Rather, it appears to be a rather transparent attempt to "tar" Gene Phillips with unrelated assertions and claims.

Whether or how various bankruptcy cases that had been filed on behalf of parties not present in this litigation were dismissed is not relevant, and the unsupported assertion that the bankruptcies were filed by "Gene Phillips" is irrelevant (even if it had been supported).  Plaintiff also relies on a single sentence in the background section of the *ART* decision that states: "Gene Phillips ('Phillips'), a local real-estate investor and former banker and insurance company owner controls at least three publically-traded entities, American Realty Investors, Inc. ('ARI'), Transcontinental Realty Advisors, Inc. ('Transcontinental' or 'TCI') and Income Opportunity Realty Investors, Inc. ('IORI') (collectively, 'The Pillar Entities')" [Doc. 1 ¶ 7 & 1-2 at 000002. The decision cited no support for this background statement, nor was Gene Phillips's control or

lack of control of IOR at issue in the *ART* case. The decision does not state what type of control Gene Phillips supposedly had over IOR (or, had—the decision was issued in 2014), and did not assert that Gene Phillips controlled any decision at issue in Plaintiff's complaint before this Court. Hence, Plaintiff's references to matters from the *ART* case are not relevant, and should be disregarded.[1]

Plaintiff also makes claims about so-called "findings" in *Clapper v. American Realty Investors, Inc.*, No. 3:14-cv-2970-D (N.D. Tex.), relating to Gene Phillips' purported control over American Realty Investors, Inc. ("ARL") [Doc. 1 ¶ 9, 21 & Doc. 1-3]. It is difficult to understand any reason for citation to an interlocutory order in *Clapper* which denies a summary judgment sought by Gene Phillips on allegations of alter ego could have any relevance at all here (other than some kind of attempt to influence the Court into thinking that Gene Phillips is some kind of general "bad actor"). As with the *ART* case, the *Clapper* decision did not concern IOR or any of the transactions discussed in Plaintiff's complaint, and, IOR was not a party to that case, either. The decision does not discuss evidence of any control Gene Phillips had over IOR, nor does it hold that he used any supposed control over Pillar to control IOR. Hence, Plaintiff's references to the interlocutory *Clapper* order is not relevant, and also should be disregarded.

Plaintiff's allegations as to Gene Phillips are insufficient under Rule 8, and do not even attempt to meet the "who, what, where, when and how" required under Rule 9(b). There are no allegations as to any role played by Gene Phillips in the transactions that allegedly caused injury to IOR or Plaintiff. There are no allegations as to how Gene Phillips controlled IOR or what transactions of IOR he caused to happen. Instead, Plaintiff's allegations regarding Gene Phillips

---

[1] Plaintiff also refers to additional documents that have nothing to support their authenticity – nothing at all [Doc. 1 ¶ 20]. This includes much of the contents of Plaintiff's Exhibit 1 [Doc. 1-2], which should also be disregarded.

relate almost entirely to his business dealings involving *other* companies [Doc. 1 ¶¶ 7-9]. To state a claim Plaintiff must plead facts regarding Gene Phillips' alleged involvement in the conduct he alleges injured IOR – facts that Plaintiff has completely failed to plead. *See Fields v. Texas Dep't of State Health Servs.*, 2017 WL 9285509, *7 (E.D. Tex. Aug. 21, 2017) ("As to each defendant sued in his or her individual capacity, Plaintiff must allege how that defendant was personally involved in or had direct responsibility for the incidents that caused Plaintiff's alleged injury.").

The allegations provided clearly do not allege any "who, what, when, where" or "how" of the alleged claims against Gene Phillips, as required by Rule 9(b). *See Carroll*, 470 F.3d at 1174. Hence, all of the claims against Gene Phillips should be dismissed.

### III. CONCLUSION & PRAYER

For the foregoing reasons, and the reasons set forth in the Joint Motion, Gene E. Phillips and Mickey N. Phillips respectfully request that this Court dismiss the claims asserted against them in their entirety.

Dated: May 31, 2019.

        Respectfully Submitted,

        */s/ Brian K. Norman*
        **C. Gregory Shamoun**
        Texas Bar No. 18089650
        g@snlegal.com
        **Brian K. Norman**
        Texas Bar No. 00797161
        bkn@snlegal.com
        **J. Blair Norris**
        Texas Bar No. 24014515
        bn@snlegal.com
        SHAMOUN & NORMAN, LLP
        1800 Valley View Lane, Suite 200
        Farmers Branch, Texas 75234
        Tel:  214.987.1745
        Fax:  214.521.9033

        **ATTORNEYS FOR GENE E. PHILLIPS AND MICKEY N. PHILLIPS**

## CERTIFICATE OF SERVICE

On May 31, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

        */s/ Brian K. Norman*
        **Brian K. Norman**